IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | I N D I C T M E N T |
| | ) | |
| -vs- | ) | Case No. _____ |
| | ) | |
| | ) | Violations:  18 U.S.C. § 371 and |
| MICHEAL L. FISHER, AMIEL | ) | 26 U.S.C. §§ 7206(1) and 7206(2) |
| SCHAFF, and FISHER SAND AND | ) | |
| GRAVEL CO., INC. | ) | |
| | ) | |

The Grand Jury Charges:

**Introductory Allegations**

At all times material to this Indictment:

1.     Defendant MICHEAL L. FISHER (hereinafter "defendant FISHER") is a resident of Dickinson, North Dakota.  Defendant FISHER is the Vice-President, minority shareholder, and a member of the Board of Directors of defendant FISHER SAND AND GRAVEL CO., INC.

2.     Defendant AMIEL SCHAFF (hereinafter "defendant SCHAFF") is a resident of Dickinson, North Dakota.  Defendant SCHAFF is the Treasurer, Chief Financial Officer, and a member of the Board of Directors of defendant FISHER SAND AND GRAVEL CO., INC.

3.     Defendant FISHER SAND AND GRAVEL CO., INC. (hereinafter "defendant FSG") is a North Dakota corporation with its principal place of business located at 3020 Energy Drive, Dickinson, North Dakota.   Defendant FSG is a

subchapter-C corporation for tax purposes that engages primarily in mining and the sale of aggregate such as sand, gravel, and crushed rock, and the manufacture, sale, and repair of aggregate and mining equipment systems.

4. General Steel and Supply Co. (hereinafter "GSS"), is a North Dakota corporation and a wholly-owned subsidiary of defendant FSG that engages in the manufacture, sale, and repair of aggregate and mining equipment systems.

5. From in or about 2002 and continuing until at least in or about 2004, Smyth Asphalt Mines, Inc., a Texas corporation, was a wholly-owned subsidiary of defendant FSG.

6. For each tax year 2001 through 2004, defendant FSG and GSS, and beginning for tax year 2002, Smyth Asphalt Mines, Inc. (collectively "FSG and Subsidiaries") reported income and expenses on a consolidated U.S. Corporation Income Tax Return, Form 1120.  A "consolidated" income tax return is one on which a group of affiliated corporations report to the Internal Revenue Service combined income and expenses and compute the combined taxable income and income tax for the group.

7. For each tax year ending on December 31 from 2001 through 2004, defendant FSG, acting through defendants FISHER and SCHAFF, and others known and unknown to the Grand Jury, engaged an outside accounting firm to prepare its corporate income tax returns.

8. Defendant FSG maintains its headquarters in Dickinson, North Dakota, where the employees of FSG and Subsidiaries, including defendant SCHAFF, conduct the

accounting functions for defendant FSG.  Defendant FSG maintains books and records of its financial transactions, generates various financial reports including year-end financial statements, and provides those reports to the outside accountants for the preparation of defendant FSG's income tax returns.

9. Defendant FISHER owns rental real estate through an entity he controls named Badlands Properties, LLC, a North Dakota limited liability company (hereinafter "Badlands").  Defendant FISHER is the single member and sole owner of Badlands.  Defendant FISHER reported the income and expenses for Badlands' rental real estate activity on Schedules E attached to his U.S. Individual Income Tax Returns, Forms 1040, for tax years 2001, 2002, 2003, and 2004.

10. The Internal Revenue Service is an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States.

COUNT ONE

**Conspiracy to Defraud**

The Grand Jury realleges the Introductory Allegations as though fully set forth herein and further alleges:

**Object of the Conspiracy**

11.     Beginning on or before January 13, 2001, and continuing thereafter up to and including at least September 19, 2005, within the District of North Dakota and elsewhere,

> MICHEAL L. FISHER, AMIEL SCHAFF, AND
> FISHER SAND AND GRAVEL CO. INC.

and others known and unknown to the Grand Jury, knowingly and unlawfully combined, conspired, confederated, and agreed to defraud the United States by deceitful and dishonest means by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Department of the Treasury of the United States of America, in the ascertainment, computation, assessment, and collection of federal corporate and individual income taxes.

**Manner and Means of the Conspiracy**

The manner and means by which the unlawful object of the conspiracy was sought to be accomplished included, among other things, the following:

12.     Defendants FISHER, SCHAFF, FSG, and others known and unknown to the Grand Jury caused the personal expenses of defendant FISHER and other Fisher

family members to be paid by and through defendant FSG, including, but not limited to, construction expenses and furnishings for defendant FISHER's personal residence, construction expenses for improvements to defendant FISHER's rental real estate held through Badlands, household and utility bills, vacations, credit card bills, legal expenses, and medical expenses;

      13.    As part of the conspiracy, defendants FISHER, SCHAFF, FSG, and others known and unknown to the Grand Jury authorized and caused to be authorized the payment of defendant FISHER's and Fisher family members' personal expenses;

      14.    It was further part of the conspiracy that defendants FISHER, SCHAFF, FSG, and others known and unknown to the Grand Jury created and caused to be created false and fraudulent entries on defendant FSG's corporate books and records, which concealed the payment of defendant FISHER's and Fisher family members' personal expenses by fraudulently accounting for those payments as business expenses of defendant FSG;

      15.    As part of the conspiracy defendants FISHER, SCHAFF, FSG, and others known and unknown to the Grand Jury provided and caused to be provided false and fraudulent financial reports and other corporate records to defendant FSG's outside accountants for the preparation of defendant FSG's corporate income tax returns;

      16.    It was further part of the conspiracy that defendants FISHER, SCHAFF, FSG and others known and unknown to the Grand Jury filed and caused to be filed with the Internal Revenue Service false and fraudulent consolidated U.S. Corporation Income

Tax Returns, Forms 1120, for FSG and Subsidiaries that deducted the payments of defendant FISHER's and Fisher family members' personal expenses as business expenses;

17.     As part of the conspiracy, defendant FISHER and others known and unknown to the Grand Jury filed and caused to be filed with the Internal Revenue Service false and fraudulent Individual Income Tax Returns, Forms 1040, for defendant FISHER, which failed to report as income the payments made by FSG to third parties for defendant FISHER's personal expenses.

## Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, and to effect the object thereof, the following overt acts, among others, were committed in the District of North Dakota, and elsewhere:

18.     On or about May 31, 2001, defendant SCHAFF caused defendant FSG to pay a $59,300.00 check to a construction company for the benefit of defendant FISHER and Badlands;

19.     On or about June 30, 2001, defendant FISHER caused defendant FSG to pay a $41,350.00 check to a construction company for his own benefit and the benefit of Badlands;

20.     On or about January 15, 2002, defendant FISHER caused defendant FSG to pay a $26,506.00 check to a construction company for his own benefit and the benefit of Badlands;

21.     On or about April 30, 2002, defendant FSG caused defendant FSG to pay a $270.28 check to an electric cooperative for the benefit of a Fisher family member;

22. On or about June 27, 2002, defendants FISHER, SCHAFF, and FSG filed and caused to be filed with the Internal Revenue Service a false and fraudulent consolidated U.S. Corporation Income Tax Return, Form 1120, for tax year 2001 that overstated FSG and Subsidiaries' cost of goods sold and total deductions;

23. On or about June 27, 2002, defendant FISHER filed and caused to be filed with the Internal Revenue Service a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2001 that understated defendant FISHER's true and correct income;

24. On or about August 25, 2002, defendant SCHAFF caused defendant FSG to pay a $157.69 check to a retail pharmacy for the benefit of a Fisher family member;

25. On or about December 19, 2002, defendant FISHER caused defendant FSG to pay a $31,235.92 check to a construction materials company for his own benefit and the benefit of Badlands;

26. On or about December 31, 2002, defendant FISHER caused defendant FSG to pay a $14,053.00 check to a construction company for his own benefit and the benefit of Badlands;

27. On or about January 28, 2003, defendant FISHER caused defendant FSG to pay a $3,865.71 check to a construction materials company for his own benefit;

28. On or about January 31, 2003, defendant FSG paid and caused to be paid a $1,763.40 check to a property management company for the benefit of Fisher family members;

29. On or about February 21, 2003, defendant FISHER caused defendant FSG to pay a $50,000.00 check to a construction company for his own benefit;

30. On or about March 31, 2003, defendant SCHAFF caused defendant FSG to pay a $4,689.00 check to a law firm for the benefit of a Fisher family member;

31. On or about March 31, 2003, defendant FSG paid and caused to be paid a $11,933.00 check to a construction sub-contractor for the benefit of defendant FISHER;

32. On or about April 25, 2003, defendant FISHER caused defendant FSG to pay a $20,894.00 check to a construction sub-contractor for his own benefit;

33. On or about April 25, 2003, defendant FISHER caused defendant FSG to pay a $12,200.00 check to a construction sub-contractor for his own benefit;

34. On or about April 25, 2003, defendant FISHER caused defendant FSG to pay a $10,000.00 check to a construction sub-contractor for his own benefit;

35. On or about April 20, 2003, defendants FISHER, SCHAFF, and FSG filed and caused to be filed with the Internal Revenue Service a false and fraudulent consolidated U.S. Corporation Income Tax Return, Form 1120, for tax year 2002 that overstated FSG and Subsidiaries' cost of goods sold and total deductions;

36. On or about April 15, 2003, defendant FISHER filed and caused to be filed with the Internal Revenue Service a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2002 that understated defendant FISHER's true and correct income;

37. On or about July 31, 2003, defendant FISHER caused defendant FSG to pay

8

a $8,111.17 check to a construction materials company for his own benefit;

38.   On or about March 15, 2004, defendants FISHER, SCHAFF, and FSG filed and caused to be filed with the Internal Revenue Service a false and fraudulent consolidated U.S. Corporation Income Tax Return, Form 1120, for tax year 2003 that overstated FSG and Subsidiaries' cost of goods sold and total deductions;

39.   On or about April 29, 2004, defendant SCHAFF caused defendant FSG to pay a $152.89 check to a retail pharmacy for the benefit of a Fisher family member;

40.   On or about April 15, 2004, defendant FISHER filed and caused to be filed with the Internal Revenue Service a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2003 that understated defendant FISHER's true and correct income;

41.   On or about April 30, 2004, defendant FISHER caused defendant FSG to pay a $12,205.75 check to a construction company for his own benefit;

42.   On or about July 8, 2004, defendant FISHER caused defendant FSG to pay a $1,159.88 check to a door company for his own benefit;

43.   On or about September 13, 2004, defendant FISHER caused defendant FSG to pay a $7,651.76 check to a construction materials company for his own benefit;

44.   On or about October 11, 2004, defendant FISHER caused defendant FSG to pay a $9,760.07 payment to a lumber company for his own benefit;

45.   On or about December 9, 2004, defendants FSG and FISHER paid and caused to be paid a $11,318.30 check to a construction company for the benefit of a

Fisher family member;

46. On or about December 23, 2004, defendant FSG paid and caused to be paid a $23,067.91 check to a construction materials company for the benefit of defendant FISHER and Badlands;

47. On or about April 15, 2005, defendant FISHER filed and caused to be filed with the Internal Revenue Service a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2004 that understated defendant FISHER's true and correct income;

48. On or about September 19, 2005, defendants FISHER, SCHAFF, and FSG filed and caused to be filed with the Internal Revenue Service a false and fraudulent consolidated U.S. Corporation Income Tax Return, Form 1120, for tax year 2004 that overstated FSG and Subsidiaries' cost of goods sold and total deductions;

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO AND THREE

**Making and Subscribing A False Tax Return**

The Grand Jury realleges the Introductory Allegations as though fully set forth herein and further alleges:

49. On or about the following dates, in the District of North Dakota and elsewhere,

MICHEAL L. FISHER

did willfully make and subscribe consolidated U.S. Corporation Income Tax Returns, Forms 1120, for FSG and Subsidiaries, for the tax years set forth below, which were verified by a written declaration that the income tax returns were made under penalties of perjury and were filed with the Internal Revenue Service, and which said income tax returns he did not believe to be true and correct as to every material matter, in that each U.S. Corporation Income Tax Return fraudulently claimed business expenses and deductions in the amounts set forth below, whereas defendant FISHER then and there well knew and believed FSG and Subsidiaries did not incur business expenses and deductions in the total amounts claimed:

| Count | Date of Offense | Tax Year | False Items | Amount Claimed |
|---|---|---|---|---|
| 2 | 6/27/2002 | 2001 | line 2 - Cost of Goods Sold<br>line 26 - Other Deductions | $74,119,185<br>$938,495 |
| 3 | 4/20/2003 | 2002 | line 2 - Cost of Goods Sold<br>line 26 - Other Deductions | $73,034,625<br>$1,311,596 |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS FOUR AND FIVE

**Aiding and Assisting in the Preparation and Presentation of a False Tax Return**

The Grand Jury realleges the Introductory Allegations as though fully set forth herein and further alleges:

50. On or about the following dates, within the District of North Dakota and elsewhere,

## AMIEL SCHAFF

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of consolidated U.S. Corporation Income Tax Returns, Forms 1120, for FSG and Subsidiaries, for the tax years set forth below, which were false and fraudulent as to a material matter, in that each U.S. Corporation Income Tax Return fraudulently claimed business expenses and deductions in the amounts set forth below, whereas defendant SCHAFF then and there well knew and believed FSG and Subsidiaries did not incur business expenses and deductions in the total amounts claimed:

| Count | Date of Offense | Tax Year | False Items | Amount Claimed |
|---|---|---|---|---|
| 4 | 6/27/2002 | 2001 | line 2 - Cost of Goods Sold<br>line 26 - Other Deductions | $74,119,185<br>$938,495 |
| 5 | 4/20/2003 | 2002 | line 2 - Cost of Goods Sold<br>line 26 - Other Deductions | $73,034,625<br>$1,311,596 |

All in violation of Title 26, United States Code, Section 7206(2).

COUNTS SIX AND SEVEN

**Aiding and Assisting in the Preparation and Presentation of a False Tax Return**

The Grand Jury realleges the Introductory Allegations as though fully set forth herein and further alleges:

51.     On or about the following dates, within the District of North Dakota and elsewhere,

> MICHEAL L. FISHER and
> AMIEL SCHAFF

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of consolidated U.S. Corporation Income Tax Returns, Forms 1120, for FSG and Subsidiaries, for the tax years set forth below, which were false and fraudulent as to a material matter, in that each U.S. Corporation Income Tax Return fraudulently claimed business expenses and deductions in the amounts set forth below, whereas defendants FISHER and SCHAFF then and there well knew and believed, FSG and Subsidiaries did not incur business expenses and deductions in the total amounts claimed:

| Count | Date of Offense | Tax Year | False Items | Amount Claimed |
|---|---|---|---|---|
| 6 | 3/15/2004 | 2003 | line 2 - Cost of Goods Sold<br>line 26 - Other Deductions | $88,927,502<br>$1,378,745 |
| 7 | 9/19/2005 | 2004 | line 2 - Cost of Goods Sold<br>line 26 - Other Deductions | $111,351,982<br>$1,814,990 |

All in violation of Title 26, United States Code, Section 7206(2).

13

## COUNTS EIGHT THROUGH ELEVEN

**Making and Subscribing A False Tax Return**

The Grand Jury realleges the Introductory Allegations as though fully set forth herein and further alleges:

52. On or about the following dates, within the District of North Dakota and elsewhere,

### MICHEAL L. FISHER

did willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the tax years set forth below, which were filed electronically with the Internal Revenue Service, and which were verified by a written declaration on a U.S. Individual Income Tax Declaration for Electronic Filing, Form 8453, that the income tax returns were made under penalties of perjury, and which said income tax returns he did not believe to be true and correct as to every material matter, in that the said U.S. Individual Income Tax Returns (1) reported total income in the amounts set forth below, and (2) claimed charitable contributions on Schedule A, Itemized Deductions, in the amounts set forth below, whereas defendant FISHER then and there well knew and believed that (1) he received income in addition to the total income reported, and (2) he was not entitled to claim total charitable contributions in said amounts, but in lesser amounts:

| Count | Date of Offense | Tax Year | False Item(s) | Amount Claimed |
|---|---|---|---|---|
| 8 | 6/27/2002 | 2001 | line 22 - Total Income | $583,309 |

| Count | Date of Offense | Tax Year | False Item(s) | Amount Claimed |
|---|---|---|---|---|
| 9 | 4/15/2003 | 2002 | line 22 - Total Income | $582,558 |
| 10 | 4/15/2004 | 2003 | line 22 - Total Income<br>line 18 - Schedule A - Itemized Deductions | $464,390<br><br>$12,166 |
| 11 | 4/15/2005 | 2004 | line 22 - Total Income<br>line 18 - Schedule A - Itemized Deductions | $719,019<br><br>$9,136 |

All in violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:


/s/ Grand Jury Foreperson

Foreperson


/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney


CSS:tla